IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01451-BNB

STEPHEN V. WILLIAMS,

     Plaintiff,

v.

CITY OF AURORA, COLORADO,

     Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP - 1 2006

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF
TO FILE AN AMENDED COMPLAINT

---

Plaintiff Stephen V. Williams currently resides in Camden, South Carolina.  On August 25, 2006, Mr. Williams filed with the Court a *pro se* Complaint.  In the Complaint, Plaintiff fails to identify a statute under which he is asserting jurisdiction.  He simply states he is raising civil rights claims.  The Court assumes that Plaintiff is asserting his claims pursuant to 42 U.S.C. § 1983.

The Court must construe the Complaint liberally because Mr. Williams is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Williams will be ordered to file an Amended Complaint.

Mr. Williams sets forth one claim alleging that the City of Aurora released false charges of assault and battery to the public.  He further asserts that as a result he was terminated from his job on October 21, 1999.  Plaintiff seeks money damages.

To the extent that Plaintiff may assert a federal claim, municipalities and municipal entities, such as the City of Aurora, are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Williams cannot state a claim for relief under § 1983 merely by pointing to an isolated incident. *See Monell*, 436 U.S. at 694.

Plaintiff also must name individuals who are responsible for the alleged constitutional deprivation and demonstrate how each defendant personally participated in the asserted claims. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

As the Court assumes Mr. Williams is asserting his claims pursuant to § 1983, he, therefore, will be ordered to file an Amended Complaint that names as defendants

the specific persons who allegedly violated his constitutional rights.  Plaintiff also is directed to confirm whether he asserts his claims pursuant to § 1983 or in the alternative under another federal statute.  Accordingly, it is

ORDERED that Mr. Williams shall file, **within thirty days from the date of this Order**, an Amended Complaint, including an original and sufficient copies, that names proper defendants and clarifies how each named defendant personally participated in the asserted constitutional violations and that states the specific statutory basis for jurisdiction.  It is

FURTHER ORDERED that the Amended Complaint shall be titled, "Amended Complaint," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589.  It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Williams, together with a copy of this Order, two copies of the Complaint form.  It is

FURTHER ORDERED that Mr. Williams submit sufficient copies of the Amended Complaint to serve each named defendant.  It is

FURTHER ORDERED that if Mr. Williams fails to file **within thirty days from the date of this Order** an Amended Complaint that complies, to the Court's satisfaction, with this Order the action will be dismissed without further notice.

DATED September 1, 2006, at Denver, Colorado.

BY THE COURT:

_s/ Boyd N. Boland_____
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01451-BNB

Stephen V. Williams
1601 Mill Street
Campden, SC 29020

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on _9/1/06_

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk